LOUIS O. FITZPATRICK v. ROBERT W. TABER.

October Term, 1926.

Present: WATSON, C. J., POWERS, SLACK, and FISH, JJ., and MOULTON, Supr. J.

Opinion filed November 4, 1926.

*New Trial—Failure To Exercise Due Diligence To Discover Evidence—Collusion.*

1. On petition for new trial under G. L. 2296, on ground of newly discovered evidence, *held* that proper diligence on part of petitioner had not been shown, necessitating rejection of petition.

2. On defendant's petition for new trial in action for alienation of affections and criminal conversation, claim that alleged newly discovered evidence furnished complete ground for defense of collusion and conspiracy on part of plaintiff and his wife against defendant, *held* untenable, in view of evidence adduced at former trial.

PETITION for new trial under G. L. 2296, brought to the Supreme Court for Windham County at its January Term, 1925, and heard on pleadings and depositions in support of petition. The opinion states the case. *Petition dismissed.*

*A. V. D. Piper* and *Barber & Miller* for the petitioner.

*Carpenter & Clawson* for the petitionee.

SLACK, J.   This is a petition for a new trial brought by defendant under G. L. 2296, which provides for granting a new trial in a cause determined by this Court or by a county court on petition of either party.

The petition alleges that on February 9, 1924, plaintiff brought an action against defendant sounding in tort; that the declaration therein contained two counts, one for alienating the affections of plaintiff's wife and the other for criminal conversation with her; that at the April Term, 1924, of Windham county court, plaintiff had a verdict and judgment, and the case came to this Court on defendant's exceptions; that at the Special Term of this Court held at Brattleboro in February, 1926, such exceptions being waived, said judgment was affirmed and the cause remanded.   The petition further alleges, in substance, that plaintiff's evidence introduced at the former trial tended to show that the alleged trouble between him and his wife, because of her relations with defendant, culminated the day after Christmas, 1923, when he was driven or put out of his mother-in-law's home where he and his wife had been and then were living, by his wife or her mother; that he then took a room in the Bushnell block, so-called, which is located diagonally across the street from the building in which his wife's mother lived, in the village of Brattleboro; that on several occasions thereafter his wife visited him at his room in the Bushnell block in the evening. The petition further alleges, in substance and in effect, the plaintiff's wife will now testify that she visited the plaintiff in his room in the Bushnell block during the early part of February, 1924; that one such visit was on, or about, February 10 or 11; that on November 16, following, she gave birth to a child which appeared to be a ''full term'' child; that she did not have sexual intercourse with any man other than her husband from Christmas, 1923, to the date of the birth of said child; that she was pregnant at the time of the former trial, but because of certain physical conditions peculiar to her was not aware of that fact; that on May 22, 1924, Dr. B. E. White of Brattleboro operated on her for an abscess of the vulva; that she then had no knowledge or suspicion that she was pregnant, and received no in-

formation from the doctor or the attending nurses that led her to suspect that such was the fact; that she did not know or suspect that she was pregnant until the latter part of the summer or early fall; that Dr. White will testify that he performed an operation on plaintiff's wife of the nature and at the time above stated; that he did not then discover any symptoms or indications that led him to suspect that she was pregnant; that he did not in fact know that she was in that condition until sometime the latter part of September; that he attended her at her confinement, and that the child of which she was then delivered appeared to be a "full term" child. The petition also alleges that neither petitioner nor his attorneys had any knowledge, information, or suspicion during the preparation and trial of the case that plaintiff's wife was pregnant; that they are without fault or laches in ascertaining such fact; that they used due diligence to procure all material evidence available for the defense of said action, etc.

It is upon this evidence of plaintiff's wife and Dr. White, supplemented by a certified copy of the record of the birth of said child, that a new trial is asked.

The only force of this evidence is to show that plaintiff had sexual intercourse with his wife about the time this suit was commenced. Whether pregnancy of the wife resulted therefrom is not of the slightest consequence. It is not a question, therefore, of whether the petitioner or his attorneys lacked due diligence in ascertaining the pregnancy of plaintiff's wife, but whether they lacked such diligence in ascertaining the true marital relations that existed between her and her husband at the time suit was brought. That was a proper subject of inquiry, indeed it was one of the vital issues in the case. To what extent, and in what respects, those relations had been broken off, or resumed, was open to the fullest investigation by defendant on the question of damages.

That he had ample opportunity to get full and accurate information touching this matter is apparent from the record of the former trial and the deposition of plaintiff's wife given in support of this petition. It appears from such record that plaintiff was the first witness who testified at that trial; that early in his cross-examination, which covers 79 pages of the transcript, he testified that after he took a room in the Bushnell block his wife, at his request, visited him there; that such visits were in

the evening, and that she came alone.   Later, his wife who was called as a witness by defendant, and was examined at great length, testified in direct examination that she visited plaintiff at his room in the Bushnell block on three or four different occasions.   It appears, too, from her deposition above referred to that she was in conference with defendant's attorneys during that trial; that she went to their office at their request; that she then knew that they were acting as defendant's attorneys; that she truthfully answered all questions that they asked her, and would have answered any others that they might have asked.

[1]   In this situation we cannot believe that the exercise of due diligence on the part of the petitioner or his attorneys would have failed to disclose the only material fact which the newly discovered evidence has any tendency to establish, namely, that the plaintiff and his wife had sexual intercourse with each other about the time the suit was commenced.   Indeed, neither the petitioner nor his attorneys deny knowledge of such fact in their several affidavits attached to the petition; all that they deny is knowledge of the wife's pregnancy, which in and of itself, as we have seen, if of no importance.

[2]   In addition to the facts already referred to, the petition alleges that following her operation in May, 1924, plaintiff's wife walked with her husband on two or three different occasions. It is urged that this circumstance taken with the other facts alleged in the petition, which we have noticed, furnishes complete ground for a defense of collusion, and conspiracy on the part of plaintiff and his wife against the defendant.   Such a claim, in view of the evidence adduced at the former trial, is absurd.   Such evidence shows conclusively that throughout that trial both plaintiff's wife and her mother were doing all in their power to aid the defendant.

For the reasons stated the petition cannot be entertained. Moreover, a careful examination of all the evidence introduced at the former trial satisfies us that the character of the newly discovered evidence is not such as would be likely to produce a different result if a new trial was ordered.

*Petition dismissed, with costs.*